UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JANE KAPP,                               )
                                         )
           Plaintiff,                    )
                                         )
    v.                                   )   No. 4:20-cv-00221-JAR
                                         )
JAMES STEINGRANDT, et al.,               )
                                         )
           Defendants.                   )

**MEMORANDUM AND ORDER**

This matter is before the Court on James Steingrandt and JDS Cattle Company's motion to strike the opinions of Plaintiff's expert Dr. Daniel Schwarze ("Dr. Schwarze") and exclude his testimony from trial. (Doc. No. 34). The motion is fully briefed and ready for disposition. For the reasons set forth below, the motion will be granted in part and denied in part.

**I.   Background**

This action stems from a car accident that occurred on January 15, 2019. Plaintiff Jane Kapp was driving a vehicle that was hit by a work truck driven by Defendant James Steingrandt ("Steingrandt"). The truck is used in Defendant JDS Cattle Company's ("JDS") business. Plaintiff alleges one count of negligence against Defendants Steingrandt and JDS for the injuries she sustained as a result of the accident. (Doc. No. 25).

In Defendants' interrogatories, Defendants asked Plaintiff to list each person Plaintiff planned to disclose as an expert. Plaintiff responded: "Plaintiff will disclose experts in accordance with the Court's scheduling order." (Doc. No. 34-1 at 4). In a response to an interrogatory asking Plaintiff to list entities that treated her for body parts she claimed were injured in the car accident, Plaintiff listed Dr. Daniel Schwarze, along with his contact

information. *Id.* at 9. However, Plaintiff did nothing else to disclose Dr. Schwarze as an expert. Defendants had access to Dr. Schwarze's treatment notes.

Dr. Schwarze is an orthopedic surgeon who saw Plaintiff once, on February 6, 2020. (Doc. No. 34-3). He spent an hour and a half with Plaintiff, discussing her medical history and performing an examination. Dr. Schwarze also had access to an MRI of Plaintiff's spine and her physical therapy notes. In Dr. Schwarze's patient notes, he comments that the MRI "showed mostly degenerative changes." *Id.* at 6. Dr. Schwarze later opined that degenerative changes would not be caused by a motor vehicle accident. (Doc. No. 34-2 at 3). Dr. Schwarze was aware that Plaintiff had seen a chiropractor, but he did not review the chiropractor's records and was not aware that Plaintiff began seeing the chiropractor in1995. *Id.* Dr. Schwarze diagnosed Plaintiff with right sacroiliitis with sacroiliac dysfunction, right shoulder pain contusion with impingement biceps tenosynovitis, right scapular strain, and right cervical neck pain and strain. (Doc. No. 34-3 at 5-6). Dr. Schwarze has not seen Plaintiff since the February 6, 2020 appointment.

On October 21, 2020, Plaintiff sent a Notice of Deposition for Dr. Schwarze, and he was deposed on November 4, 2020. (Doc. No. 36-3 at 1). Plaintiff questioned Dr. Schwarze for ten minutes and Defendants cross examined Dr. Schwarze for four minutes. In his deposition, Dr. Schwarze testified about his treatment and diagnosis of Plaintiff as well as his opinion that the injuries were likely caused by the motor vehicle collision with Steingrandt and his opinion that injuries caused by a traumatic event like a motor vehicle collision which last more than two years are likely to be permanent. *Id.* at 3-7. During Dr. Schwarze's deposition, Defendants objected multiple times to his testimony because "this witness was never identified. In fact, we asked a

specific question in interrogatories, identify all non-retained experts, and he was not identified." *Id.* at 3.

## II. Discussion

Under Federal Rule of Civil Procedure 26(a), "the nature and extent" of what a party needs to disclose about its expert witness "turns on whether or not the expert witness is 'retained or [specially] employed to provide expert testimony in the case.'" *Vanderberg v. PetCo Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26(a)(2)(B)). Although a party is required to disclose all witnesses who will give expert testimony, only witnesses who are "retained or specially employed to provide expert testimony must submit written reports." Fed. R. Civ. P. 26(a)(2)(A)-(B). "The disclosure rule is less demanding for experts that are not [specially] employed or retained for litigation...." *Vanderberg*, 906 F.3d at 702. For these experts, parties need only disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). If a party fails to meet the applicable disclosure requirements, Rule 37(c) provides that the party will not be allowed to use that information or witness "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In deciding whether evidence should be excluded, the Court should be cognizant that "the exclusion of evidence is a harsh penalty and should be used sparingly." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

Whether a treating physician is "retained or specially employed to provide expert testimony"—and, thus, whether he is required to file an expert report under Rule 26(a)(2)(B)— depends on the substance of the physician's opinion. *See Avendt v. Covidien Inc.*, 314 F.R.D.

547, 557 (E.D. Mich. 2016). "When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report." *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2018 WL 4539706, at *4 (S.D. Fla. Sept. 21, 2018) (quoting *In re Denture Cream Prod. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *2 (S.D. Fla. Oct. 22, 2012)); *see also Schultz v. Ability Ins. Co.*, No. C11-1020, 2012 WL 5285777, at *4 (N.D. Iowa Oct. 25, 2012) (finding that treating physician did not have to submit a report because his opinions were formed during the course of treatment). However, if a treating physician "seeks to testify outside the scope of the treatment rendered," the physician is considered "retained" to provide expert testimony and will need to file an expert report. *See Dixon v. Legacy Transportation Sys., LLC*, No. 2:15-CV-01359-JADPAL, 2017 WL 4004412, at *3 (D. Nev. Sept. 11, 2017); *see also Sauers v. Winston-Salem/Forsyth Cty. Bd. of Educ.*, No. 1:15-CV-427, 2018 WL 1627160, at *3 (M.D.N.C. Mar. 30, 2018) ("[C]ourts have required treating physicians who give opinions formed outside the scope of the patient's treatment and diagnosis to file an expert report.").

Defendants argue that Plaintiff failed to disclose Dr. Schwarze as an expert and therefore cannot rely upon his testimony pursuant to Rule 37(c). Defendants move the Court to strike three of Dr. Schwarze's opinions because of Plaintiff's failure to disclose Dr. Schwarze: 1) Dr. Schwarze's opinion that Plaintiff's "soft tissue issues were all related to her motor vehicle accident" (Doc No. 36-3 at 3), 2) Dr. Schwarze's testimony that he was "not aware" that Plaintiff had any of the injuries he diagnosed prior to the motor vehicle collision, *id.*, and 3) Dr. Schwarze's opinion that any pain that persists after a traumatic event persisting more than two years is likely to be permanent. *Id.* at 2.

### a. Dr. Schwarze's Opinions Regarding Causation

Dr. Schwarze's first two opinions—that the medical problems he diagnosed were related to the motor vehicle accident and that none of the injuries he diagnosed existed prior to the collision—are testimony about the cause of Plaintiff's injuries. First, the Court must determine whether Dr. Schwarze was a retained or non-retained expert for the purposes of opining on causation. The Court concludes that Dr. Schwarze was a non-retained expert.

Upon review of Dr. Schwarze's deposition and treatment records, it is clear that Dr. Schwarze formed his opinion about the cause of Plaintiff's injuries during the course of his treatment. Dr. Schwarze testified that his opinion was formed based on an hour and a half long consultation with Plaintiff, a review of her medical history, a physical examination of Plaintiff, and his review of her MRI. Dr. Schwarze did not meet with or speak to Plaintiff's counsel prior to the deposition. Because Dr. Schwarze formed his opinion while treating Plaintiff, he was not required to file an expert report under Rule 26(a)(2)(B); instead, Plaintiff only needed to disclose the subject matter of Dr. Schwarze's expert testimony and a summary of the facts and opinions to which he was going to testify. *See Vanderberg*, 906 F.3d at 702 ("The disclosure rule is less demanding for experts that are not specially employed or retained for litigation, such as treating physicians."). *See also Cutsinger v. Gyrus ACMI, Inc.*, No. 4:18-CV-4 CAS, 2018 WL 6064856, at *3 (E.D. Mo. Nov. 20, 2018) (Treating physician was not required to file an expert report concerning his opinions as to causation).

Even under the less-demanding disclosure standards of Rule 26(a)(2)(C), Plaintiff has failed to meet her burden. Plaintiff does not dispute that she never notified Defendants of "the subject matter on which the witness is expected to present evidence under Federal Rule of

Evidence 702, 703, or 705" nor did she provide "a summary of the facts and opinions to which the witness is expected to testify" as required by Rule 26(a)(2)(C).

Having found that Plaintiff did not adequately comply with Rule 26(a)(2)(C), the Court must determine whether Dr. Schwarze's testimony regarding causation should be excluded under Rule 37(c). "When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case…The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless. When fashioning a remedy, the district court should consider, *inter alia,* the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692 (internal citations omitted).

Plaintiff argues that her failure to disclose Dr. Schwarze's opinion did not prejudice Defendants because 1) Plaintiff disclosed Dr. Schwarze as a treating physician in her response to interrogatories, 2) Defendants had access to Dr. Schwarze's medical records, and 3) Plaintiff deposed Dr. Schwarze and Defendants cross-examined him, thereby notifying Defendants of Dr. Schwarze's opinions about causation and giving Defendants time to seek out their own expert. Plaintiff further suggests that Defendants' counsel, as experienced trial counsel, should not be surprised that a treating physician will offer testimony about causation.

On this record, the Court concludes that Plaintiff's failure to disclose Dr. Schwarze's opinion on causation was harmless and does not merit the "'harsh penalty' of exclusion." *Post v. Dolgencorp, LLC*, No. 4:19-CV-00171-JAR, 2020 WL 3412238, at *6 (E.D. Mo. June 22, 2020)

(finding failure to disclose was harmless because "(1) Defendant was put on notice that [treating physician] had opinions as to causation, (2) that Defendant was familiar with the scope and length of [treating physician]'s treatment of Plaintiff because it had access to her medical records, and (3) that Defendant was aware of Plaintiff's theory of causation."). *See also Bayes v. Biomet, Inc.*, No. 4:13-CV-00800-SRC, 2020 WL 5848068, at *2 (E.D. Mo. Oct. 1, 2020) (permitting expert to testify despite failure to disclose because Defendant "identified [expert] by name as a healthcare provider in its initial disclosures").

### b. Dr. Schwarze's Opinion Regarding the Permanency of Plaintiff's Injuries

The Court concludes that Dr. Schwarze's opinion that Plaintiff's injuries are likely to be permanent in nature was not formed during his treatment of Plaintiff. Dr. Schwarze opined that "all studies show that any pain that persists after a traumatic event persisting more than two years is likely to be permanent." (Doc. No. 32-2 at 2). This opinion was based not on his physical examination of Plaintiff—who he saw only one time roughly 13 months after her injury—or a review of her medical records, but rather on undisclosed studies. Opinions "based on information the physician learns outside the course of treatment is retained-expert testimony." *Lowery v. Ace Am. Ins. Co.*, No. CV 17-248-BAJ-RLB, 2019 WL 2566523, at *2 (M.D. La. Mar. 12, 2019) (finding that doctor's opinion based on undisclosed outside literature he consulted was retained-expert testimony). *See also Post*, 2020 WL 3412238, at *6 (E.D. Mo. June 22, 2020) (testimony based on "a conglomeration of various studies" is retained expert testimony and failure to disclose this testimony was prejudicial). Therefore, Dr. Schwarze was required to author an expert report as to this opinion by Rule 26(a)(2)(B).

Next, the Court must determine whether the testimony is prejudicial and therefore exclude the testimony pursuant to Rule 37(c). The Court concludes that the failure to disclose Dr.

Schwarze's opinion with an expert report pursuant to Rule 26(a)(2)(B) was prejudicial to Defendants. Dr. Schwarze's opinion is based on undisclosed studies. Without an expert report outlining which studies he relied upon or any other basis for his opinion, Defendants could not prepare an informed line of questioning to assess Dr. Schwarze's credibility. Therefore, the Court finds that there is prejudice to Defendants and will exclude Dr. Schwarze's testimony that Plaintiff's pain from the injuries he diagnosed is likely to be permanent.

### c. Reliability of Dr. Schwarze's Opinions

Defendants further argue that Dr. Schwarze's opinions are either unreliable or not supported by the record because Dr. Schwarze was not in possession of Plaintiff's chiropractic records or because Plaintiff has not sought follow up care. Defendants then claim that because Dr. Schwarze's opinions are unreliable, they should be excluded as the testimony of a non-disclosed retained expert under Rule 37(c). Reliability is not a factor in determining whether an expert is retained or non-retained nor is it a factor in determining whether an expert's opinion should be excluded pursuant to Rule 37(c). As this is a question for a jury to determine, Dr. Schwarze's opinions will not be limited pursuant to Rule 37(c) due to their reliability.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to exclude Dr. Daniel Schwarze's testimony **is GRANTED in part and DENIED in part**. Dr. Schwarze's testimony as to the permanence of Plaintiff's injuries is **EXCLUDED**. The remainder of Dr. Schwarze's testimony will be admitted.

Dated this 19th day of April, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE